## EARL PERRIN v. STATE.

No. A.-7269.   Opinion Filed March 21, 1931.
(297 Pac. 314.)

John Levergood, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the superior court of Pottawatomie county of the crime of attempt to rape, and his punishment fixed by the jury at confinement in the state reformatory at Granite for three years.

The evidence of the state was that the prosecuting witness, Jessie Webb, was 11 years of age at the time the crime was committed; that she left her home about 11:30 a. m. of that day and went to a neighbor's and remained until 5 p. m., when she started to return home; that on the way home the defendant caught her in his arms and carried her into a brush or briar patch at the side of the road and laid her on the ground and attempted to have sexual intercourse with her by tearing her clothing, putting his hand upon her, urging her not to resist, and attempting to induce her to consent; that the prosecuting witness resisted and succeeded in escaping from him without his having accomplished the rape; that immediately on arriving home she told her mother. She is corroborated by her mother, who testified that immediately upon her reaching home she told of the affair, and at that time she was crying and that she found her underclothes torn. She is corroborated by the officers who made the arrest of defendant, who testified that there was red mud on defendant's knees and clothing. She is corroborated by the defendant himself, who testified that shortly after she passed the residence of one Partain on her way home, he arrived at the Partain home. It was shown that this offense was committed within a few hundred feet of Partain's residence.

The defendant testified that he was 19 years of age; that he passed the house where the prosecuting witness

was about 5 o'clock, and saw her there; that he knew if she went home she would have to go down that road where she claimed the crime was committed, but he claimed he went to Partain's through the field and was not at the place where the crime was alleged to have been committed and did not commit it.

The defendant contends first that the information is not sufficient to charge the offense of attempt to commit rape.

The charging part of the information reads as follows:

"Earl Perrin, then and there being, did then and there unlawfully, knowingly, willfully, feloniously, intentionally and wrongfully, and violently attempt to rape, ravish and carnally know one Jessie Webb, a female person, of the age of 11 years, and not the wife of him the said Earl Perrin, by then and there taking hold of her the said Jessie Webb, with his hands, and throwing her back upon the ground and then and there pulling up her clothing and tearing her clothing from her body, and taking hold of her private parts, and he, the said Earl Perrin, by means of the aforesaid acts, did then and there intend to have unlawful sexual intercourse with her the said Jessie Webb, but he the said Earl Perrin failed to commit the crime of rape upon the said Jessie Webb and was prevented from the commission and perpetration of said crime of rape by the resistance of her the said Jessie Webb."

To constitute the crime of attempt to commit rape it is necessary to allege the intent of the defendant, some acts done towards the commission of the crime, and the failure to accomplish the purpose. This information meets all of these requirements, and was sufficient to charge the offense.

The defendant says that the information, if it charges anything, charges assault with intent to rape.

The state might have elected to prosecute upon the charge of assault with intent to rape; but since they did not do so, but elected to prosecute under section 2297, C. O. S. 1921, the information was sufficient and properly charged the crime of attempt to commit rape.

The defendant next contends that the court erred in unduly restricting the cross-examination of the witness Mrs. J. A. Webb, who is the mother of the prosecuting witness. The record discloses the following proceedings:

"Q. The feeling between Charles McCormick and your family has been bad for years?

"Mr. Lewis: Objected to as incompetent, irrelevant and immaterial.

"The Court: Sustained.

"Mr. Levergood: Exception."

Defendant made no effort to show that there was any relationship between Charles McCormick and the defendant, nor the families of the witness and McCormick. It was immaterial what the feeling might be between the witness and McCormick, or between the families, unless the witness and the defendant were connected with it in such a way that it would be made to appear to the jury that because of ill feeling the witness was prejudiced. The court did not err in sustaining the state's objection to this examination.

Defendant next complains that he was not permitted to show by Emery Carr that defendant had been in the creek bed where there was red sand and mud.

When objection was sustained, the defendant made the following offer of proof:

"Mr. Levergood: Comes now the defendant and offers to show by the witness that he, the defendant, helped

said Carr feed his hogs and gather his stock, and that the said hogs and stock were in the creek bed of Pond Creek."

This offer of proof does not say that the defendant was in the creek bed of Pond creek, but that the hogs and stock were in the creek bed. He does not offer to show that there was any red mud or sand in the creek bed of this creek. All that was attempted to be shown by the defendant himself upon this subject was:

"Did you assist Emery Carr on the evening of the 19th in feeding his stock?"

The defendant was not asked if he was in the creek bed of Pond Creek, but if he helped Emery Carr feed his stock. There was no offer to prove that the defendant got the mud that was testified by the state to have been on his clothes in Pond creek or anywhere else. The offer of proof was insufficient to present any question for this court.

Defendant next contends that the story told by the complaining witness is unreasonable, unsupported, and impeached.

There is no merit in this contention. The story told by the little girl is reasonable, and she is corroborated upon every material fact in the case by other witnesses and by the facts and circumstances as shown by the evidence.

We have not overlooked other contentions made by the defendant; but in so far as they are not met by what has already been said, the court finds it unnecessary to consider them for lack of substance.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.